Ex PARTE EDUARDO URRUTIA MARTORELL, peticionario. Ex PARTE ANTONIO ESCALERA, peticionario.

Nos. 33A y 66.—*Sometidos:* Marzo 31, 1932. *Resueltos:* Julio 29, 1932.

El peticionario *Urrutia Martorell* compareció por su propio derecho; *Juan Lastra,* abogado del peticionario señor Escalera; *Juan B. Soto, C. del Toro Fernández* e *I. Soldevila,* abogados del Colegio de Abogados de Puerto Rico, opositor.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Eduardo Urrutia y Antonio Escalera obtuvieron de la Legislatura de Puerto Rico dos Resoluciones Conjuntas—las núms. 58 y 69, Leyes de 1931, págs. 1015 y 1051—, por virtud de las cuales se les facultó para sufrir examen de reválida ante este Tribunal Supremo. Ambos presentaron sus solicitudes y a ellas se opusieron varios abogados por estimar que las Resoluciones eran inconstitucionales porque equivalían a negar la igual protección de las leyes a futuros candidatos.

Oídos todos los interesados la corte desestimó la objeción a la constitucionalidad de la actuación legislativa, y a los efectos de cumplir mejor su cometido, señaló otra vista para que los peticionarios pudieran aportar nuevas pruebas, dándose a los opositores la oportunidad de repreguntar a los testigos que presentaren. La resolución de esta corte se basó en la opinión que aparece publicada en este mismo volumen a las páginas 168 y siguientes. La vista fué celebrada y los casos están otra vez ante nosotros para su resolución definitiva.

Las Resoluciones Conjuntas de que se trata hablan de exámenes de reválida. *Reválida* es la acción y efecto de *revalidarse,* y *revalidarse* es recibirse o aprobarse en una facultad por tribunal superior.

Dentro del plan de estudios de las universidades españolas la carrera de Derecho estaba dividida en cursos, compren-

diendo cada curso varias asignaturas, algunas de las cuales se extendían a dos. Cuando el estudiante aprobaba todas las asignaturas mediante examen, bien asistiendo personalmente a las aulas de la universidad, ya estudiando libremente y compareciendo sólo a la Universidad de cuando en cuando en las fechas señaladas para los exámenes, tenía aún, para obtener su título, que sufrir otro examen general que se llamaba de reválida. Cuando ocurrió el cambio de soberanía, se autorizó el estudio libre de la carrera de abogado fijándose por la ley expresamente las materias que debían estudiarse. La suficiencia se demostraba mediante exámenes ante un tribunal formado de jueces y abogados bajo el control del Tribunal Supremo. Hoy esos exámenes se verifican de acuerdo con las reglas prescritas por la Universidad de Puerto Rico, que es una institución creada y sostenida por el Estado.

También se autorizó a aquellos que obtenían sus diplomas en Universidades acreditadas de los Estados Unidos a sufrir un examen general oral ante el tribunal primeramente indicado. Si el examen era satisfactorio, se les autorizaba a ejercer ante las cortes de la Isla. Esta práctica continúa y el examen que se toma se ha llamado y se llama de reválida.

¿Han cumplido los peticionarios en este caso presentando algún diploma de algún centro docente? Urrutia presentó un diploma expedido por la ''Chicago School of Law'' creditivo de haber tomado y aprobado el curso de Leyes de ese Colegio. Escalera presentó un diploma expedido por el ''Hamilton College of Law.'' Ninguno de esos diplomas hubiera permitido a los peticionarios pedir el examen de reválida que la ley general autoriza, porque fueron obtenidos a virtud de estudios por correspondencia. De ahí que acudieran a la Legislatura en solicitud de leyes especiales.

Tal práctica no es recomendable. Las leyes de privilegio levantan siempre en la conciencia un movimiento de protesta. Sólo están justificadas en casos verdaderamente extraordinarios.

En Puerto Rico la obtención de una licencia para ejercer la abogacía está abierta a todos sus ciudadanos. Limitándonos a los que en la Isla residen, tienen dos medios a su alcance, a saber, 1, el de la asistencia personal a las aulas universitarias donde pueden seguir sus estudios bajo la dirección de profesores competentes e ir aprobando las asignaturas por cursos y mediante exámenes de acuerdo con el plan de estudios y las reglas de la Universidad, y 2, el de esos mismos exámenes tomados periódicamente estudiando uno mismo o bajo la dirección de profesores o personas competentes por uno mismo escogidos.

Un examen de las leyes que han regido y rigen en la Isla sobre la materia, demuestra la firme tendencia de exigir más cada día no sólo en cuanto a los estudios de derecho en sí mismos, sino especialmente en cuanto a conocimientos previos. Ningún requisito se fijó al principio, luego se exigió el diploma de octavo grado, más tarde el de escuela superior, y ahora se requieren algunas asignaturas del Bachillerato en Artes y existe el pensamiento de que los estudios legales se comiencen después de haberse terminado los del dicho Bachillerato, como sucede en España y en otras naciones europeas y como gradualmente se va estableciendo en las más reputadas universidades americanas.

Y es que si hay alguna carrera que necesite de los estudios previos para poderse ejercer debidamente, es en verdad la de derecho. La vida es cada vez más intensa y complicada, las leyes se multiplican y abarcan todo género de relaciones jurídicas, nuevas por completo algunas de ellas, y el abogado es el llamado a solucionar los problemas que crea esa vida de relación. Las leyes son fórmulas, preceptos que no basta conocer literalmente. Tras esas fórmulas y preceptos están la experiencia de los siglos, las conquistas de la civilización, el eterno esfuerzo de la humanidad hacia una vida más justa y mejor que en ellos cristalizaron. De ahí que para penetrar en su espíritu y poderlas aplicar debida-

mente, sea necesario el previo conocimiento de la naturaleza humana, del hombre y de la sociedad, y del avance de sus conocimientos por lo menos en sus principios fundamentales. La escuela gramatical, la escuela superior y el colegio preparan admirablemente el cerebro que ha de dedicarse luego al especial estudio de la ley.

La Legislatura de Puerto Rico ha sido justa. Legisló de acuerdo con las condiciones prevalecientes en cada época. Las facilidades que concedió al principio están justificadas. A medida que el sistema escolar por ella misma implantado ha ido produciendo sus frutos, ha ido exigiendo más hasta llegar como llegará sin duda a ponerse a tono con los mayores avances realizados. Ya no son diez, ni cien los jóvenes que anualmente se gradúan en las escuelas superiores. Ya existe una juventud bien preparada tan numerosa que puede proporcionar toda la materia prima que es necesario desarrollar para las más exaltadas profesiones. Y si la Legislatura preserva como ha preservado y debe siempre preservar la enseñanza libre y si la Universidad del Estado, reconociendo la gran función social y el fuerte espíritu de justicia que entraña esa enseñanza libre, no hace imposible su existencia, existirá menos justificación cada día para las leyes especiales o de privilegio en cuanto a la admisión de candidatos al ejercicio de la abogacía.

Examinemos a la luz de esos principios y del estado actual de la ley, las circunstancias que concurren en estos casos.

Ya hemos dicho que ambos candidatos poseen diplomas de Bachiller en Leyes obtenidos por correspondencia. Urrutia es además graduado de escuela superior y desempeñó por muchos años el cargo de márshal de la Corte de Distrito de San Juan, demostrando en él su competencia en cuestiones legales importantes en varias ocasiones. Varios miembros notables del foro declararon en términos encomiásticos en relación con su inteligencia, conocimientos generales y habili-

dad. Citaremos parte de una sola de esas declaraciones, la del letrado Luis Llorens Torres. Dice:

"Lo he tratado bastante. Lo he visto durante ocho o diez años actuando de márshal de la Corte de Distrito de San Juan. Me consta que mientras estaba actuando de márshal en la corte estudiaba la profesión de abogado. Estudiaba derecho civil, hipotecario . . . Por las conversaciones que he tenido con él y las discusiones, he visto, no de ahora sino de tres o cuatro años atrás, que es un hombre culto, además de ser graduado de 'high school,' culto en materia de historia, filosofía, derecho constitucional. A mi oficina ha ido muchas veces durante ese tiempo, cuando márshal de la corte de distrito y después a tratarme cuestiones de derecho y a discutir conmigo. He visto que es una persona culta y tengo la idea que un hombre que es inteligente, graduado de 'high school,' de una cultura general, si ese hombre ha sido márshal durante ocho años y ha estado estudiando derecho, oyendo a los grandes abogados en la corte, creo que tiene mejor universidad que cualquier otro alumno de Puerto Rico."

La prueba en cuanto a Escalera fué muy deficiente. En el primer *por cuanto* de la Resolución Conjunta No. 69 se expresa lo que movió a la Legislatura a actuar en la forma en que lo hizo. Dice: *"Por cuanto,* el señor Antonio Escalera desde el expresado año 1909 hasta la fecha, se ha dedicado a la práctica de leyes en diversos bufetes de abogados autorizados para ejercer su profesión por el Tribunal Supremo de Puerto Rico, ya estudiando asuntos, redactando alegaciones en toda clase de pleitos, peticiones en cuestiones *ex parte,* remedios extraordinarios y alegatos en pleitos en apelación ante la Corte Suprema de Puerto Rico, ya interviniendo en consultas, ya resolviendo importantes cuestiones administrativas y contenciosas, a satisfacción de los abogados con quienes ha trabajado;" y ello en verdad no quedó demostrado de modo satisfactorio por la prueba que el peticionario ofreciera a la corte y que consta unida a este expediente.

Además, la corte tuvo una amplia oportunidad de juzgar por sí misma a los peticionarios. En la manera de conducir su caso, Urrutia demostró su competencia. Escalera en sus

manifestaciones pareció ajeno a la práctica judicial y al conocimiento de la ley.

No hemos dudado un solo momento después de practicada la prueba en cuanto a la resolución única que procedía dictar en el caso de Escalera. No es posible acceder a su solicitud. Hemos dudado en cuanto a Urrutia en lo que respecta a si su caso es el verdaderamente extraordinario que justificaría el privilegio que implica la Resolución Conjunta No. 58 de 1931 y hemos decidido finalmente resolver la duda en su favor.

*En su consecuencia debe declararse con lugar la solicitud de Urrutia admitiéndole a examen en el próximo noviembre, comunicándose al tribunal examinador las circunstancias de su caso a fin de que el examen sea todo lo amplio que las mismas exigen, y debe declararse sin lugar la solicitud de Escalera.*

El Juez Asociado Señor Córdova Dávila no intervino.